PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROSE CHASE,

    Petitioner,

v.

                                       19-CV-00617 LJV
                                       ORDER

SUPERINTENDENT LAMANNA,

    Respondent.

The *pro se* petitioner, Rose Chase, is an inmate at the Bedford Hills Correctional Facility. She submitted a petition for a writ of habeas corpus under Title 28, United States Code, Section 2254. Docket Item 1. As the petition alleges in more detail, Chase claims that she was convicted in the county court of Ontario County, New York, in violation of her constitutional rights. *Id.* Chase paid the $5.00 filing fee but also applied to proceed *in forma pauperis*. Docket Item 2. Because there is no signed certification of her inmate account, Chase's application is denied without prejudice. *See* 28 U.S.C. § 1915(a)(1). Chase also has moved for assignment of counsel and for stay and abeyance. Docket Items 3, 4, and 5.

In assessing an application for appointment of counsel, the court should "determine whether the indigent's position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). Once it is determined that the claim meets the threshold merits requirement, the Court should consider a number of other factors, including: (1) the nature of the factual issues the claim presents and the petitioner's ability to conduct an investigation of the facts; (2) whether conflicting evidence will be significant proof presented to the fact finder, implicating the need for cross-examination; (3) the

petitioner's apparent ability to present the case; (4) whether the legal issues involved are complex; (5) whether appointment of counsel would lead to a quicker and more just determination of the case; and (6) the petitioner's efforts to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

The court must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Romero v. Napoli, 2009 WL 212415, *1 (S.D.N.Y. 2009) (citing Cooper, 877 F.2d at 174). Here, Chase has only recently filed her petition, and the respondent has not yet responded. Chase's motion is therefore denied without prejudice as premature.

## ORDER

IT IS HEREBY ORDERED that the petitioner's request to proceed in forma pauperis is denied; and it is further

ORDERED, in accordance with Rules 4 and 5 of the Rules Governing § 2254 Cases in the United States District Courts, that the respondent shall file and serve an **answer** responding to the allegations in the petition and to the petitioner's request for stay and abeyance within **90 days of the date of this order**. The answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If so,

2

the respondent shall provide the Court with a transcript of the relevant proceedings, together with any records and documents relating to them, so that the materials can be filed in the official record of this case; and it is further

ORDERED that, in addition to the answer, the respondent shall file and serve, within **90 days of the date of this order**, a memorandum of law addressing each of the issues raised in the petition and including citations to supporting authority; and it is further

ORDERED that within **30 days of the date this order**, the respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits demonstrating that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer by **14 days**. This deadline will not be extended beyond 14 days, however, even if the Court does not act on the respondent's motion within that time; and it is further

ORDERED that within **30 days of the date this order is served** upon the custodian of the records, the clerk or any other official having custody of the records of the proceedings in the county court of Ontario County, New York, leading to the conviction shall submit such records to the respondent or his attorney; and it is further

ORDERED that if the petitioner previously appealed the judgment of conviction or an adverse judgment or order in a post-conviction proceeding, the respondent must provide the Court with a copy of the briefs, the record on appeal, and any opinions of the appellate courts so that such documents can be filed in the official record of this case; and it is further

ORDERED that the petitioner shall have **30 days after receipt of the respondent's answer or other pleading** to file a written reply; and it is further

3

ORDERED that the Clerk of Court shall electronically serve a copy of the petition, together with a copy of this order, via a Notice of Electronic Filing to Alyson Gill, Alyson.Gill@ag.ny.gov, Arlene Roces, Arlene.Roces@ag.ny.gov, and Laura Stockmyer, laura.stockmyer@ag.ny.gov, of the Office of the Attorney General, Federal Habeas Unit.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENT.**

SO ORDERED.

Dated: October 3, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE