UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSE CHASE,

                                                                   DECISION
                  Petitioner,                         and
         v.                                           ORDER

SUPERINTENDENT LaMANNA,                               19-CV-00617V(F)

                         Respondent.

_____

APPEARANCES:           ROSE CHASE, *Pro Se*
                                 14-G-0057
                                 Bedford Hills Correctional Facility
                                 247 Harris Road
                                 Bedford Hills, New York  10507-2400

                                 LETITIA A. JAMES
                                 ATTORNEY GENERAL of the STATE of NEW YORK
                                 Attorney for Respondent
                                 LISA E. FLEISCHMANN,
                                 ALYSON GILL,
                                 ARLENE ROCES, and
                                 LAURA LAMPERT
                                 Assistant Attorneys General, of Counsel
                                 120 Broadway
                                 New York, New York  10271


## **JURISDICTION**

Petitioner commenced this action on May 13, 2019, requesting habeas relief pursuant to 28 U.S.C. § 2254.  On February 22, 2020, Honorable Lawrence J. Vilardo referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters.  The matter is presently before the court on Petitioner's motions to stay and hold in abeyance the Petition while Petitioner exhausts claims in state court.

**BACKGROUND and FACTS**[1]

Petitioner Rose Chase ("Petitioner" or "Chase"), proceeding *pro se*, filed a

petition (Dkt. 1), seeking habeas relief challenging her January 15, 2014, conviction by

jury in New York Supreme Court, Ontario County, on multiple charges pertaining to

Petitioner's June 13, 2012 murder of her husband ("the deceased"), following which

Petitioner concealed the body in the basement of the marital home.  After several

weeks, Petitioner transported the deceased's decomposed remains in a vehicle, in

which the four-year old child of Petitioner and the deceased also rode, to the home of

Petitioner's mother where Petitioner burned the remains.  Petitioner was convicted of

murder in the second degree in violation of New York Penal Law ("N.Y. Penal Law")

§ 125.25[1], tampering with physical evidence in violation of N.Y. Penal Law

§ 215.40[2], and endangering the welfare of a child in violation of N.Y. Penal Law

§ 260.10[1], for which Petitioner was sentenced to an aggregate, indeterminate

sentence of 24 1/3 years to life.  On appeal, Petitioner's conviction on the murder and

evidence tampering charges were affirmed, but the endangering the welfare of a child

count was dismissed.  *People v. Chase*, 71 N.Y.S.2d 293 (4th Dept. 2018).  On May 8,

2018, leave to appeal to the Court of Appeals was denied.  *People v. Chase*, 103

N.E.3d 1248 (N.Y. 2011) (Table).[2]

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

[2] Because Petitioner did not petition for *certiorari* in the United States Supreme Court, her conviction was considered final on August 6, 2018, *i.e.*, 90 days after the Court of Appeals denied leave to appeal on May 8, 2018.  28 U.S.C. § 2244(d)(1)(A) (providing the one-year limitations period for habeas corpus petitions runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").  *See Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005) (considering, for purposes of habeas corpus limitations period, state court conviction to be final 90 days after Court of Appeals denied leave to appeal where petitioner did not petition for *certiorari* from the Supreme Court).

On May 13, 2019, Petitioner filed her petition (Dkt. 1) ("Petition"), asserting nine grounds for habeas relief.  At the same time, Petitioner filed with the court a one-page motion requesting the court stay consideration of the Petition and hold the Petition in abeyance pending Petitioner's exhaustion of unidentified claims in the Petition, asserting she "will elaborate on the reasons thereof in a separate letter."  Dkt. 4 ("First Motion to Stay").  On May 28, 2019, Petitioner filed another request for a "stay and abeyance," Dkt. 5 ("Second Motion to Stay"), asserting a stay was necessary to allow Petitioner to pursue a motion in state court pursuant to N.Y. Crim. Pro. Law § 440 ("§ 440 motion"), because, given Petitioner's status as "an incarcerated *pro se* litigant," she was unaware of the need to pursue a § 440 motion prior to seeking habeas relief. Second Motion to Stay at 2.  Petitioner again failed to specify which of her claims are unexhausted, and maintained her lack of knowledge of the need to exhaust her claims in state court, including through a § 440 motion, constitutes "good cause" for the requested stay and abeyance.  *Id*.  Respondent did not file a separate response to Petitioner's First Motion to Stay and Second Motion to Stay (together, "Motions to Stay"), but included in the Memorandum of Law in Opposition to Petitioner for a Writ of Habeas Corpus (Dkt. 13) ("Respondent's Memorandum"), filed on February 18, 2020, an argument opposing the Motions to Stay.  Respondent's Memorandum at 2-3.  Oral argument was deemed unnecessary.

Based on the following, Petitioner's Motions to Stay are DENIED.

**DISCUSSION**

"Under 28 U.S.C. § 2254(b), applicants for habeas corpus relief must 'exhaust[ ] the remedies available in the courts of the State.'" *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991) (quoting *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990)). "In doing so, a petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition." *Id*. (citing *Pesina,* 913 F.2d at 54). "The state court must be fairly apprised that petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim." *Id*. at 119-20 (citing *Morgan v. Jackson,* 869 F.2d 682, 684 (2d Cir.), *cert. denied,* 493 U.S. 920 (1989); *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982)).

Where, as here, a habeas corpus petition includes both exhausted and unexhausted claims, *i.e*., a "mixed petition," the petition generally should be dismissed to permit the petitioner to present the unexhausted issues to the state courts. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). When certain criteria are met, however, a district court can stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust the petition's unexhausted claims. *Rhines v. Weber,* 544 U.S. 269, 278 (2005) ("*Rhines*"). The Supreme Court, however, limits a district court's discretion to approve stay requests to situations where the petitioner shows (1) "good cause" for her failure to exhaust the claims in state court prior to bringing the federal habeas petition, (2) that the unexhausted claims are not "plainly meritless," and (3) that the petitioner did not engage in any dilatory litigation tactics in failing to exhaust. *Rhines*, 544 U.S. at 277. "[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should

4

allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  *Id*., 544 U.S. at 278.

In the instant case, not only has Petitioner failed to identify which of the nine grounds on which habeas relief is sought are unexhausted, but Petitioner, according to Respondent, Respondent's Memorandum at 3, never filed the § 440 motion, an assertion Petitioner has not denied.  Furthermore, Petitioner's contention that she was unaware of the need to exhaust prior to petitioning for habeas relief, including pursuing a § 440 motion, does not constitute the requisite "good cause" to support a stay.  *See Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008) ("'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'")  (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  In the instant case, Petitioner has not pointed to any such "objective factor external to the defense [that] impeded" Petitioner's efforts to comply with New York's criminal procedural rules, particularly a § 440 motion.  As such, Petitioner has failed to establish any of the *Rhines* criteria, including good cause or reasons for the delay, and also provides the court with nothing on which to assess the merit of the unexhausted claims.  Furthermore, Petitioner's Motions to Stay do not assert whether the unexhausted claims for which Petitioner maintains she intends to seeks § 440 relief are new and, if so, why such claims are not barred by the applicable one-year limitation period imposed by 28 U.S.C. § 2244(d)(1).  *See* Discussion, *supra*, at 2 n. 2.

Accordingly, Petitioner's Motions to Stay are DENIED without prejudice.

Petitioner may file a new motion to stay if she can establish the criteria set forth in

*Rhines*, including (1) good cause for failing to previously exhaust the subject claims; (2)

that the claims are not plainly meritless; and (3) that by failing to previously exhaust

Petitioner was not engaging in dilatory tactics.  *See Rhines*, 544 U.S. at 277.


## CONCLUSION

Based on the foregoing, Petitioner's Motions to Stay (Dkts. 4 and 5) are DENIED

without prejudice and with leave to refile such motion to stay, **within 30 days** of receipt

of this Decision and Order, if Petitioner can demonstrate the *Rhines* criteria as

discussed above.

SO ORDERED.


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      August 9th, 2021
            Buffalo, New York


**Pursuant to Fed.R.Civ.P. 72(a), Petitioner shall have fourteen (14) days from service of this Decision and Order to file written objections with the District Judge.**