UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSE CHASE,

|  |  |  |
|---|---|---|
|  | Petitioner, | DECISION |
| v. |  | and |
|  |  | ORDER |

SUPERINTENDENT LaMANNA,                         19-CV-00617V(F)

                                        Respondent.
_____


APPEARANCES:        ROSE CHASE, *Pro Se*
                    14-G-0057
                    Bedford Hills Correctional Facility
                    247 Harris Road
                    Bedford Hills, New York  10507-2400

                    LETITIA A. JAMES
                    ATTORNEY GENERAL of the STATE of NEW YORK
                    Attorney for Respondent
                    LISA E. FLEISCHMANN,
                    ALYSON GILL,
                    ARLENE ROCES, and
                    LAURA LAMPERT
                    Assistant Attorneys General, of Counsel
                    120 Broadway
                    New York, New York  10271


## JURISDICTION

Petitioner commenced this action on May 13, 2019, requesting habeas relief pursuant to 28 U.S.C. § 2254.  On February 22, 2020, Honorable Lawrence J. Vilardo referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters.  The matter is presently before the court on Petitioner's motion to stay and hold in abeyance the Petition while Petitioner exhausts claims in state court, filed September 20, 2021 (Dkt. 17).

## BACKGROUND and FACTS[1]

Petitioner Rose Chase ("Petitioner" or "Chase"), proceeding *pro se*, filed a petition (Dkt. 1), seeking habeas relief challenging her January 15, 2014, conviction by jury in New York Supreme Court, Ontario County, on multiple charges pertaining to Petitioner's June 13, 2012 murder of her husband ("the Deceased"), following which Petitioner concealed the body in the basement of the marital home for several weeks, after which Petitioner transported the Deceased's decomposing remains in a vehicle, in which Petitioner's four-year old child in common with the Deceased also rode, to the home of Petitioner's mother where Petitioner burned the Deceased's remains. Petitioner was convicted of murder in the second degree in violation of New York Penal Law ("N.Y. Penal Law") § 125.25[1], tampering with physical evidence in violation of N.Y. Penal Law § 215.40[2], and endangering the welfare of a child in violation of N.Y. Penal Law § 260.10[1], for which Petitioner was sentenced to an aggregate, indeterminate sentence of 24 1/3 years to life.  On appeal, Petitioner's conviction on the murder and evidence tampering charges were affirmed, but the endangering the welfare of a child count was dismissed.  *People v. Chase*, 71 N.Y.S.2d 293 (4th Dept. 2018).  On May 8, 2018, leave to appeal to the Court of Appeals was denied.  *People v. Chase*, 103 N.E.3d 1248 (N.Y. 2011) (Table).

On May 13, 2019, Petitioner filed her petition pursuant to 28 U.S.C. § 2254 (Dkt. 1) ("Petition"), asserting nine grounds for habeas relief including (1) the evidence of second-degree murder was legally insufficient and the verdict was against the weight of the evidence; (2) the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963) ("*Brady*"), by discarding the trash can that had held some of the Deceased's burned

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

remains, and *People v. Rosario*, 173 N.E.2d 881, *cert. denied*, 368 U.S. 866 (1961) ("*Rosario*"), by not disclosing a text message; (3) admission of certain evidence violated petitioner's confrontation rights; (4) the court erred in dismissing a sworn juror; (5) petitioner's statement to investigators was taken unknowingly, involuntarily, and unintelligently; (6) a prospective juror's remark tainted the entire panel; (7) another juror made a prejudicial remark during summation; (8) her trial counsel was ineffective with respect to one juror-related claim; and (9) the prosecutor made inflammatory and prejudicial remarks during summation.  Petition ¶ 22 & Attachment.  Also on May 13, 2019, Petitioner filed a motion requesting the court stay consideration of the Petition and hold the Petition in abeyance pending Petitioner's exhaustion of unidentified claims in the Petition, asserting she "will elaborate on the reasons thereof in a separate letter." Dkt. 4 ("First Motion to Stay").  On May 28, 2019, Petitioner filed a second request for a "stay and abeyance," Dkt. 5 ("Second Motion to Stay"), asserting a stay was necessary to allow Petitioner to pursue a motion in state court pursuant to N.Y. Crim. Proc. Law § 440 ("§ 440 motion"), because, given Petitioner's status as "an incarcerated *pro se* litigant," she was unaware of the need to pursue a § 440 motion prior to seeking habeas relief.  Second Motion to Stay at 2.  Petitioner again failed to specify which of her claims are unexhausted, and maintained her lack of knowledge of the need to exhaust her claims in state court, including through a § 440 motion, constitutes "good cause" for the requested stay and abeyance.  *Id*.  Respondent did not file a separate response to Petitioner's First Motion to Stay and Second Motion to Stay (together, "Motions to Stay"), but included in the Memorandum of Law in Opposition to Petitioner for a Writ of Habeas Corpus (Dkt. 13) ("Respondent's Memorandum"), filed on February 18, 2020,

an argument opposing the Motions to Stay.  Respondent's Memorandum at 2-3.  In a Decision and Order filed August 9, 2021 (Dkt. 16) ("D&O"), the undersigned denied both the First and Second Motions to Stay without prejudice, explaining Petitioner had neither indicated which of her nine claims she intended to exhaust, nor provided the court with any information to permit the merits of her claims to be assessed, as well as that Petitioner also failed to demonstrate good cause for failing to timely exhaust, and Plaintiff's assertion that she was unaware she could file a motion pursuant to N.Y. Crim. Proc. Law § 440.10 did not constitute good cause excusing her failure to timely exhaust. D&O at 5-6.  The undersigned nevertheless permitted Plaintiff to renew her motion to stay provided she met the standard enunciated in *Rhines v. Weber*, 644 U.S. 269, 277-78 (2005) for establishing good cause for failing to timely exhaust in the state courts her grounds on which Petitioner seeks habeas relief.

Accordingly, on September 20, 2021, Petitioner filed the instant motion for a stay and abeyance (Dkt. 17) ("Petitioner's Motion" or "Third Motion to Stay").  On October 25, 2021, Respondent filed the Declaration [of Assistant Attorney General Lisa E. Fleischmann] in Opposition to Petitioner's Motion for a Stay (Dkt. 21) ("Fleischmann Declaration").  Oral argument was deemed unnecessary.

Based on the following, Petitioner's Motion is DENIED; the Petition should be DISMISSED.

## DISCUSSION

As relevant, the Antiterrorism and Effective and Effective Death Penalty Act of 1996 provides "[a] 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1)(A) ("§ 2244(d)(1)(A)").  The one-year limitations period applicable to habeas petitions "'runs from the latest of a number of triggering events, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"  *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015), *as corrected* (Nov. 12, 2015) (quoting *Rivas v. Fischer,* 687 F.3d 514, 533 (2d Cir.2012) (internal quotation omitted)).  In particular, "the AEDPA limitations period specified in Section 2244(d)(1)(A) does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or — if the prisoner elects not to file a petition for certiorari — the time to seek direct review via certiorari has expired."  *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

In the instant case, because Petitioner did not petition for *certiorari* in the United States Supreme Court, her conviction was considered final on August 6, 2018, *i.e.*, 90 days after the Court of Appeals denied leave to appeal on May 8, 2018.  28 U.S.C. § 2244(d)(1)(A) (providing the one-year limitations period for habeas corpus petitions runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").  *See Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005) (considering, for purposes of habeas corpus limitations period, state court conviction to be final 90 days after Court of Appeals denied leave to appeal where petitioner did not petition for *certiorari* from the Supreme Court).

"Under 28 U.S.C. § 2254(b), applicants for habeas corpus relief must 'exhaust[ ] the remedies available in the courts of the State.'"  *Grey v. Hoke*, 933 F.2d 117, 119 (2d

Cir. 1991) (quoting *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990)).  "In doing so, a

petitioner must present his federal constitutional claims to the highest court of the state

before a federal court may consider the merits of the petition."  *Id*. (citing *Pesina,* 913

F.2d at 54).  "The state court must be fairly apprised that petitioner is raising a federal

constitutional claim and of the factual and legal premises underlying the claim."  *Id*. at

119-20 (citing *Morgan v. Jackson,* 869 F.2d 682, 684 (2d Cir.), *cert. denied,* 493 U.S.

920 (1989); *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982)).

    In the instant case, Respondent argues all of Petitioner's grounds on which

Petitioner seeks habeas relief are unexhausted and procedurally barred because the

one-year period of time in which to exhaust has now lapsed, except for Petitioner's

claimed *Brady* violation concerning the disposal of the trash can that held the

Deceased's burned remains which is merely unexhausted but is possibly not

procedurally barred if, as Petitioner maintains, Petition's Motion ¶ 14, she learned of the

asserted violation after the direct appeal of her conviction.  Fleischmann Declaration ¶ 3

(referencing Respondent's Memorandum at 25-36).  Although Petitioner does not argue

otherwise, a plain review of the legal memoranda Petitioner filed in support of her direct

appeal to the New York Supreme Court Appellate Division, Fourth Department

("Appellate Brief")[2] and to the New York Court of Appeals ("Court of Appeals Brief"),[3]

however, establishes Petitioner did raise before both courts her challenges concerning

a *Rosario* violation, Appellate Brief at 8-32 (SR-12[4] to SR-36) (Dkt. 13-2 at 14-38);

Court of Appeals Brief at SR-242 to SR-243 (Dkt. 13-2 at 244-45), and her claim that

the verdict was against the weight of the evidence.  Appellate Brief at 33-34 (SR-37 to

---

[2] Dkt. 13-2 at 3-46.
[3] Dkt. 13-2 at 242-49.
[4] References to "SR" are to the Bates-stamped pages of the State Record, filed as Dkt. 13-2.

SR-38) (Dkt. 13-2 at 39-40); Court of Appeals Brief at SR-243 (Dkt. 13-2 at 245). Accordingly, these claims are exhausted such that the Petition is a "mixed petition" containing both exhausted and unexhausted claims, and Petitioner's Motion seeks a stay of the court's consideration of the Petition while Petitioner presents the unexhausted claims to state court.

"'When confronted with a mixed petition, a federal court has four procedural options: (1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits under 28 U.S.C. § 2245(b)(2); (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow the petitioner to exhaust his unexhausted claims.'" *Brooks v. Sticht*, 2022 WL 1190456, at *10 (W.D.N.Y. April 21, 2022) (quoting *Tripathy v. Schneider*, 473 F.Supp.3d 220, 234 (W.D.N.Y. 2020) (citing cases)); *see* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Here, because Petitioner's Motion seeks a stay, the court first considers the fourth option.

Under limited circumstances, upon a petitioner's request, a habeas petition may be stayed and held in abeyance to allow the petitioner to present the unexhausted claims in state court and then return to federal court for review of the petition after state court remedies are exhausted. *Rhines*, 544 U.S. at 277; *Zarvela*, 254 F.3d at 380-81. In such case, a necessary predicate of the "stay-and-abeyance" procedure is the presence of a mixed petition. *Rhines*, 544 U.S. at 277–78; *Zarvela*, 254 F.3d at 377. In the instant case, it is undisputed that the Petition is a mixed petition.

Nevertheless, the "stay and abeyance" option

should be available only in limited circumstances.  Because granting a stay
effectively excuses a petitioner's failure to present his claims first to the state
courts, stay and abeyance is only appropriate when the district court determines
there was good cause for the petitioner's failure to exhaust his claims first in state
court.  Moreover, even if a petitioner had good cause for that failure, the district
court would abuse its discretion if it were to grant him a stay when his
unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277.  *See Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016)

("a district court abuses its discretion in denying a stay to exhaust claims in a mixed

petition if the unexhausted claims are not plainly meritless, if the petitioner has good

cause for failing to exhaust, and if the petitioner did not engage in abusive or dilatory

litigation tactics." (citing *Rhines*, 544 U.S. at 277)).

With regard to the instant Petition, in seeking to establish good cause for failing

to exhaust, Petitioner, in support of her motion to stay, asserts her Petition is a

"protective petition" filed only to avoid her habeas claims becoming time-barred prior to

exhausting the claims though a motion pursuant to N.Y. Crim. Proc. Law § 440.10

("§ 440 motion"),  Petitioner's Motion ¶¶ 7, 18, and that Petitioner's "reasonable

confusion" as to when she could file a § 440 motion provides the requisite good cause

to avoid the procedural bar.  *Id*. ¶¶ 2-5 (citing *Pace v. DiGuglielmo*, 544 U.S. 408

(2005).  Respondent, however, maintains Petitioner could have, but failed to, file her

§ 440 motion at any time after entry of judgment, yet at least as of October 21, 2021,

Petitioner still had not filed a § 440 motion.  Fleischmann Declaration ¶¶ 10-12.

In support of the argument that she was reasonably confused about when to file

her § 440 motion, Petitioner relies on *Pace*, 544 U.S. at 408, where the Supreme Court

held that a "petitioner's reasonable confusion about whether a state filing would be

timely will ordinarily constitute 'good cause' for h[er] to file in federal court." *Pace*, 544

U.S. at 416 (citing *Rhines*, 544 U.S. at 278).  Although neither the Supreme Court nor

the Second Circuit has defined "good cause" as used in this context, "[s]ome courts

have found that good cause 'must arise from an objective factor external to the

petitioner which cannot fairly be attributed to . . . her,' while others have found it to be 'a

broader, more forgiving concept.'" *Trappler v. Russell*, 2021 WL 3773650, at * 2

(W.D.N.Y. Aug. 25, 2021) (quoting *Miller v. Graham*, 2019 WL 1506969, at *2-3

(W.D.N.Y. Apr. 5, 2019) (collecting cases)).  Asserted confusion about when a § 440

motion is to be filed, however, has been held in this court insufficient to establish good

cause for purposes of supporting a stay and abeyance of a habeas petition under both

the "objective external factor" standard and the "broader, more forgiving concept."  *See*

*Trappler*, 2021 WL 3773650, at * 2 (confusion as to when a § 440 motion should be filed

did not satisfy either standard for good cause).  Further, because a § 440.10 motion can

be filed "[a]t any time after the entry of" the judgment of conviction, N.Y. Crim. Proc. Law

§ 4401.10(1), Petitioner, prior to the expiration of the applicable statute of limitations,

"could have pursued any unexhausted any claims not properly raised on direct appeal

at any time, and her ignorance of the law or state legal procedures does not constitute

good cause." *Trappler*, 2021 WL 3773650, at * 2 (citing cases).  Because Petitioner has

not established good cause for failing to timely exhaust, Petitioner's Motion seeking a

stay and hold in abeyance is DENIED.

　　　　　With the denial of Petitioner's motion, three options remain for the Petition.  The

first option is for the court to move forward with consideration of the Petition containing

both exhausted and unexhausted claims, which would require the court deny any relief,

without consideration of the exhausted claims.  *Cox v. New York*, 2012 WL 2856821, at

* 3 (W.D.N.Y. July 11, 2012) (citing *Rhines*, 544 U.S. at 273 (holding "federal district

courts may not adjudicate mixed petitions for habeas corpus"), and *Rose v. Lundy*, 455

U.S. 509, 510 (1982) (holding district courts must dismiss mixed petitions)).  Because

this option would deprive Petitioner of any review of her exhausted claims, the court

does not choose it.

        The remaining options include permitting Petitioner to either withdraw the entire

Petition which would bar any further consideration of the matter because the applicable

one-year limitations period applicable to habeas petitions has elapsed.  The final option

is for Petitioner to withdraw the unexhausted claims, thus permitting the court to

proceed with habeas review and consider the Petition's exhausted claims including

Petitioner's First Claim asserting her conviction on second degree murder was not

supported by the evidence, as well as the Second Claim insofar as it asserts a violation

of *Rosario*.[5]

---

[5] Although Petitioner may still raise her *Brady* claim in a § 440 motion, because more than one year has elapsed since the deadline for Petitioner to petition for certiorari to the Supreme Court, even if Petitioner were to raise the claim on an unsuccessful § 440 motion, she would be time-barred from seeking habeas relief on such claim.

## **CONCLUSION**

Based on the foregoing, Petitioner's Motion (Dkt. 17) is DENIED.  Petitioner is directed to advise **WITHIN 30 (thirty) DAYS** of receipt of this Decision and Order whether she prefers to withdraw the unexhausted claims and proceed with the exhausted claims, or to withdraw the Petition in its entirety and be barred by the statute of limitations from seeking further habeas relief.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        September 1st, 2022
                      Buffalo, New York

**Pursuant to Fed.R.Civ.P. 72(a), Petitioner shall have fourteen (14) days from service of this Decision and Order to file written objections with the District Judge.**